IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>**HERNAN OCASIO RAMOS; LUZ DELIA DIAZ PAGAN**<br><br>Debtor<br><br>ID. # xxx-xx-6564<br># xxx-xx-9631<br>_____<br><br>HERNAN OCASIO RAMOS; LUZ DELIA DIAZ PAGAN<br><br>Plaintiffs<br><br>VS.<br><br>**PRAMCO II, L.L.C.; THE SMALL BUSINESS ADMINISTRATION; FRANCISCO FERNANDEZ CHIQUES;JOHN DOE & RICHARD ROE;INSURANCE COMPANIES X, Y, and/or Z**<br><br>Defendant(s)<br>_____<br>ALEJANDRO OLIVERAS RIVERA<br><br>**Standing Chapter Thirteen Trustee** | CASE NO: *2005-05091* (ESL)<br><br><br>CHAPTER: *13* (AOR)<br><br><br><br>ADV.PROC.NO. *2006-00181*<br><br>**WILLFUL VIOLATION OF**<br>**AUTOMATIC STAY; DAMAGES** |

## **M O T I O N   F O R   P A R T I A L   S U M M A R Y   J U D G M E N T**

**TO THE HONORABLE COURT**:

**COMES NOW**, Plaintiffs, through his undersigned legal representation, and hereby move the court, pursuant to Fed. Bankr. P. 7056, for an order finding that Defendants, incurred in violation of the automatic stay pursuant 11 U.S.C. § 362.

1

I. **<u>CASE HISTORY</u>**

1. On May 27th, 2005, debtors-plaintiffs filed the Chapter 13 Bankruptcy case. (S*ee:* <u>*NIBS*</u> *docket entry 1*).

2. *PRAMCO II, L.L.C. SUED* the debtors-plaintiff's in State Court for collection of moneys. Summons were served by DEFENDANT PRAMCO II, LLC representative(s) upon DEBTORS - PLAINTIFFS on July 21st, 2005, almost TWO months *after* the Bankruptcy petition was filed and *despite* PLAINTIFFS informing Mrs. Angela Miranda, the summons server, (DEFENDANT(S)' representative(s)) that the bankruptcy petition had been filed over a month before they were to be served with the summons.

3. On September 12th 2006, debtors-plaintiffs filed the instant adversary proceeding requesting actual and punitive damages against defendants, *PRAMCO II, L.L.C.; THE SMALL BUSINESS ADMINISTRATION; FRANCISCO FERNANDEZ CHIQUES;JOHN DOE & RICHARD ROE;INSURANCE COMPANIES X, Y, and/or Z*, for the violation of the automatic stay due to the filing of a collection of monies suit against Plaintiff before the Superior Court of Fajardo originally, and later moved to Humacao the Tribunal under Case number *H1CI200500248.*

4. On January 23rd, 2007, co-defendant *PRAMCO II, L.L.C.* filed its Answer to Complaint. In its answer, *PRAMCO II, L.L.C.* admitted that: (1) it had knowledge of the bankruptcy filing; (2) as a conclusion of law, DEFENDANTS were required pursuant to 11 U.S.C. § 362 to *STOP* any and all collection money actions against PLAINTIFFS and their property; (3) on or about January 11th 2006, they their notice of appearance and

2

proof of claim with the Honorable Court; (4) that their proof of claim was field as claim number twelve in the case's claims register; (5) that co-defendant S.B.A. was included in the master address list and in schedule **F** of the Bankruptcy Petition, and co-defendant PRAMCO II, LLC was included in the master address list and filed a notice of appearance as well as a proof of claim; (6) that, as legal conclusions, the Federal Courts have concluded that both public and private creditors of debtor are subject to automatic stay, even parties *who are not* creditors of estate are subject to it; (7) that the Summons in the State Court Case were served by DEFENDANT(S)' PRAMCO II, LLC representative(s) upon DEBTORS -PLAINTIFFS on July 21st 2005; (8) that default Judgment against DEBTORS - PLAINTIFFS in the State Court was entered on May 8th, 2006 by Judge Maria Del Carmen Garriga Morales; (9) that, said entry of Judgment by Default against DEBTORS - PLAINTIFFS in State Court was notified by the State Court's Clerk's office on May 11th, 2006.

5. Debtors - plaintiffs request for summary judgment is predicated in that there are no genuine issues as to any material facts, and that Plaintiffs are entitled to a partial judgment against *PRAMCO II, L.L.C.*, as a matter of Law.

6. Plaintiffs file the present motion for partial summary Judgment and judgment on the Pleadings and this brief in support thereof in which it will be demonstrated that *PRAMCO II, L.L.C.*, violated the automatic stay with full knowledge and intention of doing so.

II. **STATEMENT OF FACTS:**

7. On May 27th, 2005, debtors-plaintiffs filed the Chapter 13 Bankruptcy case, number **2005-05091** (ESL). Discharge has not been granted, the Trustee has not been discharged and the case remains active.

8. The Chapter 13 Trustee notified the filing of petition for relief to all of Plaintiff's creditors, including *PRAMCO II, L.L.C.*. This notification included an explanation of the automatic stay in effect and the date of the meeting of creditors pursuant section 341 of the Bankruptcy Code. *PRAMCO II, L.L.C.* was informed that collection actions or proceedings were prohibited, and as such a list of common examples was provided which included but was not limited to "taking actions to collect money or obtain property from the debtor" and "starting of continuing lawsuits or foreclosures".

9. On January 11th, 2006, *PRAMCO II, L.L.C.* filed a Notice of Appearance and Proof of Claim before this Court as part of the proceedings of bankruptcy case number. Said proof of claim was for a loan (loan number *30150006*) that PLAINTIFFS had acquired from DEFENDANT S.B.A. in 1992. The S.B.A. was already included in Schedule **F** of the petition.

10. The aforementioned proof of claim was field as claim number twelve in the case's claims register; Thus, DEFENDANT *PRAMCO II, L.L.C.* and their CO-DEFENDANTS *KNEW* of the Bankruptcy petition filed and of the Automatic Stay Order in effect.

11. Notwithstanding the aforementioned, Defendant *PRAMCO II, L.L.C.*, their transferee(s), employee(s), agent(s), representative(s), legal or otherwise, and/or contractor(s) have continued not only to make collection efforts against PLAINTIFFS and refuse to stop such practices, the have continues <u>*WITHOUT JURISDICTION*</u> in the State Court and by <u>*MISLEADING*</u> the State Court, it obtained a judgment illegally which is null and void; this with full knowledge of the instant bankruptcy petition filed (it was informed by PLAINTIFFS at the moment of receiving the summons from summons server Mrs. Angela Miranda that they were in Bankruptcy).

12. Co – defendant S.B.A. was included in the master address list and in schedule **<u>F</u>** of the Bankruptcy Petition. (*See: PRAMCO II, L.L.C.'S answer, paragraph <u>19</u>*)

13. Co – defendant *PRAMCO II, L.L.C.* was included in the master address list and filed a notice of appearance as well as a proof of claim. (*See: PRAMCO II, L.L.C.'S answer, paragraph <u>20</u>*)

14. In the case at bar, Co – defendant *PRAMCO II, L.L.C.* had filed a complaint in State Court, Fajardo Tribunal originally and later moved to the Humacao Tribunal (Case number ***H1CI200500248***) on or about March 15th, 2005, subrogating themselves in a claim by S.B.A. against DEBTORS - PLAINTIFFS. (*See: PRAMCO II, L.L.C.'S answer, paragraph <u>3</u>*)

*15.* The summons in the State Court Case were served by co–defendant(s)' *PRAMCO II, L.L.C.* representative(s) upon DEBTORS - PLAINTIFFS on July 21st 2005, almost TWO months *after* the Bankruptcy petition was filed and *despite* PLAINTIFFS informing, Mrs. Angela Miranda, the summons server (DEFENDANT(S)'

representative(s)) that the bankruptcy petition had been filed over a month before they were to be served with the summons. (*See: PRAMCO II, L.L.C.'S answer, paragraph 25*)

*16.* Notwithstanding that by their own actions Co – defendant *PRAMCO II, L.L.C.* demonstrated that they knew of the Bankruptcy petition filed and of the Automatic Stay order in effect, the continued with the litigation of the State Court Complaint against DEBTORS - PLAINTIFFS *after* 11 months of the filing of the Bankruptcy petition by filing a motion for entry of Default and Default judgment on or about April 18th, 2006 in State Court (now in the Humacao Tribunal) and the Clerk of the State Court entered the Default on May 2nd, 2006. (*See: PRAMCO II, L.L.C.'S answer, paragraphs 28*)

*17.* Default Judgment against DEBTORS - PLAINTIFFS in State Court was entered on May 8th, 2006 by Judge Maria Del Carmen Garriga Morales. (*See: PRAMCO II, L.L.C.'S answer, paragraphs 27*)

*18.* Said entry of Judgment by Default against PLAINTIFFS in State Court was notified by the State Court's Clerk's office on May 11th, 2006.

*19.* The continued collection efforts, that didn't stop until the Judgment was entered, shows that DEFENDANT(S) acted with knowledge that DEBTORS - PLAINTIFFS had previously filed a bankruptcy petition and that such acts were a reckless disregard of the Bankruptcy Code and willful and villainous violation of the Automatic Stay Order set forth by the Bankruptcy Code and this Honorable Court.

*20.* CO - PLAINTIFF HERNAN OCASIO RAMOS has suffered physical pains and mental anguishes that have led him to seek psychological treatment.

21. CO - PLAINTIFF LUZ DELIA DIAZ PAGAN has suffered physical pains

and mental anguishes that have led her to seek psychological treatment.

22. Co – defendant *PRAMCO II, L.L.C.* violated the automatic stay in this case, and such violation was an intentional and willful act.

### III. **APPLICABLE LAW**

23. *11 U.S.C. § 362*, in the pertinent sections reads as follows:

> **"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USCS § 78eee(a)(3)], operates as a stay, applicable to all entities, of--**
> **(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;**
> **(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;**
> **(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;**
> **(4) any act to create, perfect, or enforce any lien against property of the estate;**
> **(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;**
> **(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;**
> **(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and**
> **(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability**

7

> **for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.**
> **………………………………………………………………………………..."**
>
> (*BOLD, Underline, italics added*)

24. It is a well established principle that a valid automatic stay pursuant to *11 U.S.C. § 362* precludes **all** collection proceedings against a debtor immediately following the filing of a bankruptcy petition. Legislative history clearly reflects Congress' intent to provide broad protection to debtors under these circumstances. This matter has been addressed and explained in the case of the case of <u>*In re: Juan Ortiz Martinez*</u>, 196 B.R. 225 (1996), decided in this district:

> **"This provision of the Bankruptcy Code, referred to as the automatic stay, "gives a `breathing spell' to the debtor and stops all efforts, all harassment, and all foreclosure actions." <u>*Tringali vs. Hathaway Machinery Co., Inc.,*</u> 796 F. 2d 553, 562 (1986) (citing legislative history). For this reason, the stay has been referred to as an "essential foundation block of the bankruptcy rebuilding process," <u>*In re: Patterson,*</u> 125 Bankr. 40, 47 (1990). In fact, "Congress intended that the automatic stay be 'one of the fundamental debtor protections provided by the bankruptcy laws"' <u>*In re: Solis,*</u> 137 Bankr. 121, 124 (1992) (citing legislative history).**
>
> **11 U.S.C. § 362(h) states: "An individual injured by any willful violation of a stay provided by this section shall recover actual damage, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."**
>
> (*BOLD, Underline, italics added*)

25. The fact that Debtors – Plaintiffs had a debt with *PRAMCO II, L.L.C.; THE SMALL BUSINESS ADMINISTRATION*, was in no way a consent to be sued in State Court in an action for the collection of monies. Said debt did not constitute a waiver of

debtor's rights under the Bankruptcy Code and in no *way* gives *PRAMCO II, L.L.C.; THE SMALL BUSINESS ADMINISTRATION* the right to proceed against debtor-plaintiff in State Court.

26. In order to demonstrate that a violation of the automatic stay has occurred, the following elements must be established: (1) That a valid automatic stay was in effect, (2) That there was actual knowledge by the creditor and or transgressor of the automatic stay in effect, (3) The existence of an act prohibited by the code that constitutes a violation of the stay and (4) that said violation was intentional.

### A valid Automatic Stay in effect

27. It is primary and requisite that an automatic stay is in effect. In the present case the automatic stay was in effect since the filing of the bankruptcy petition. Citing *Diviney vs. Nationsbank of Texas. N.A., (In re: Diviney), 225 B.R. 762 (1988)* "*In a chapter 13 bankruptcy case, the automatic stay remains in effect until the case is dismissed or a discharge is granted or denied, unless the court has granted a creditor relief form the provisions of the automatic stay. Section 362(c)(2), (d).*" In the case at bar, debtors' – plaintiffs' bankruptcy case is still active and the automatic stay is in effect and has it has not been modified nor terminated.

### Actual Knowledge of the Automatic Stay in effect

*28.* It is also necessary and imperative that the creditor or transgressor of the stay had knowledge of the STAY, the contrary would violate the most basic principles of due process. In the case at bar, Co–defendant *PRAMCO II, L.L.C.* had actual knowledge of the automatic stay, by their own filing of their notice of appearance and proof of

claim. *(See: PRAMCO II, L.L.C.'S answer, paragraph 15) (See: NIBS Claim Register entry number 12)*

29. In the case of <u>In re: Wanda Rivera Rodriguez,</u> 97 B.R. 136 (1988), the court had the opportunity to address and explain the notice requirement to give creditors effective knowledge:

> **"It is well settled that the automatic stay is operative upon the filing of the petition and does not require a formal service of process or notice to the creditors. Thus, actual notice is sufficient to creditors. See, <u>Matter of Sierra,</u> 73 B.R. 322 (1987); <u>Richard vs. City of Chicago,</u> 80 B.R. 451, 543 (1987)."**

**(***BOLD, Underline, italics added***)**

30. *PRAMCO II, L.L.C.* had full knowledge of debtor's bankruptcy proceeding, a fact that was accepted by *PRAMCO II, L.L.C.* by filing their proof of claim and in its Answer to Complaint. (*See: PRAMCO II, L.L.C.'S answer, paragraphs 3,15,19, 20, 21& 25*)

### An Act Prohibited by the Code that Constitutes a Violation of the Stay

31. Section 362[1] of the Bankruptcy Code prohibits the commencement or continuation of a judicial proceeding against the debtor that was or could have been commenced before the commencement of the case under Bankruptcy Code's provisions. Actions such as the one commenced by *PRAMCO II, L.L.C.* on 2005 before the Superior Court of Fajardo and later moved to the Court in Humacao under case number **H1CI200500248** for the collection of monies against Debtors - Plaintiffs, falls within those acts prohibited by the *Statute* when the automatic stay is in effect.

32. Co-defendant *PRAMCO II, L.L.C.* could not pursue debtor-plaintiff for the

collection of moneys.

## That said Violations were Intentional and Willful Violations

33. The first circuit defined what an intentional or willful act in the case of <u>Fleet Mortgage Group, Inc. vs. Kenneth A. Kaneb,</u> 196 F. 3d 265 (1999); it is defined in the following manner:

> **"A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under § 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation. See *<u>Goichman vs. Bloom (In re: Bloom)</u>,* 875 F. 2d 224, 227 (1989): see also *see also <u>Crysen/Montenay Energy Co. v. Esselen Assocs. Inc. (In re: Crysen/Montenay Energy Co.)</u>,* 902 F.2d 1098, 1105 (2d Cir.1990); *<u>Cuffee v. Atlantic Bus. and Community Dev. Corp. (In re: Atlantic Business and Community Corp.)</u>,* 901 F.2d 325, 329 (3d Cir.1990). In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate. See *<u>Homer Nat'l Bank v. Namie</u>,* 96 B.R. 652. 654 (W.D.La.1989). The debtor has the burden of providing the creditor with actual notice. Once the creditor receives actual notice, the burden shifts to the creditor to prevent violations of the automatic stay. See *<u>Mitchell Const. Co.. Inc. v. Smith (In re: Smith)</u>* , 180 B.R. 311, 319 (Bankr.N.D.Ga.1995)."**
> (*BOLD, Underline, italics added*)

34. This standard has also been adopted by the Second, Third, Fourth, and Ninth Circuits, a standard for assessing whether or not a violation of the automatic stay is willful under 11 U.S.C. § 362 (h). Citing <u>In re: Julene Sucre,</u> 226 B.R. 340 (1998):

---

[1] (*11 U.S.C. § 362*)

> **"The Second Circuit enunciated the standard governing the payment of damages under § 362(h) in In re Crysen/Montenay Energy Co., 902 F.2d 1098 (2d Cir.1990). There, the Court concluded that, where a person takes a "deliberate act ... in violation of a stay, which the violator knows to be in existence," an award of damages under § 362(h) is justified.** *Id.* **at 1105. Such an act need not be performed with specific intent to violate the stay. Rather, so long as the violator possessed "general intent in taking actions which have the effect of violating the automatic stay," the intent requirement of § 362(h) is satisfied.** *In re Chateaugay Corp.,* **112 B.R. 526, 529 (S.D.N.Y.1990),** *rev'd on other grounds,* **920 F.2d 183 (2d Cir.1990)."**
>
> (*BOLD, Underline, italics added*)

35. In synthesis, it is clear that a "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for ***damages*** upon finding that the ***defendant knew*** of the automatic stay and that the defendant's actions which violated the automatic stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded. (See: *In re: Bloom, 875 F. 2d 224, 227 (1989)*, cited with approval in *In re: Taborski*, 141 B.R. 959, 966 (1992))

36. Furthermore, it should be noted that a creditor has an affirmative obligation to prevent violations of the automatic stay, by informing ***not only*** its employees, but also collection agencies, attorneys and any other party that will attempt to collect the debt for debtors. This affirmative or positive obligation is necessary to comply with the protection afforded to debtors by section 362 of the Bankruptcy Code, 11 U.S.C. § 362. An explanation as to the reasoning for this is given in the case of *In re: Julene Sucre*, 226 B.R. 340 (1998), in which the court asserted:

**"the Court adopts that line of cases which hold that, upon receiving actual notice of the commencement of a bankruptcy case, a creditor has an affirmative duty under** § 362 to take the necessary steps to discontinue its collection activities against the debtor. *See In the Matter of Sams*, 106 B.R. 485, 490 (Bankr.S.D.Ohio 1989)("The provisions of the automatic stay place the responsibility to discontinue any pending collection proceedings squarely on the shoulders of the creditor who initiated the action."); *In re: Dungey,* 99 B.R. 814, 816-17 (Bankr.S.D.Ohio 1989) ("a creditor has an affirmative obligation to halt all collection activity"); *In re: Mitchell.* 66 B.R. 73 (Bankr.S.D.Ohio 1986); *In re: Elder,* 12 B.R. 491, 494 (Bankr.M.D.Ga.1981) (the creditor is "in the driver's seat" with regard to the garnishment, and "cannot choose to do nothing and pass the buck to the garnishee or the court in which the garnishment is filed to effectuate the stay.") The reasoning of these cases is based on a plain reading of § 362(a), as well as the policy goals underlying the enactment of that section. *See In the Matter of Sams,* 106 B.R. at 490 ("Based on the language of 362(a) many courts have emphasized the obligation incumbent upon creditors to take necessary steps to halt or reverse pending state court actions or other collection efforts commenced prior to the filing of a bankruptcy petition, including garnishment of wages ....") (internal quotation marks omitted) (citations omitted); *In re: Dungey,* 99 B.R. at 815 (quoting H.R.Rep. No. 595, 95th Cong. 1st Sess. 340-42 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 54-55 (1978); reprinted in 1978 U.S.Cong. & Admin. News 5787 at 5840 and 6296-97) (finding that the automatic stay was intended to give "the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him to bankruptcy."): *In re:Miller,* 22 B.R. 479, 481 (D.Md.1982) ("To place the onus on the debtor ... to take affirmative steps to recover property seized in violation of the stay would subject the debtor to financial pressures the automatic stay was designed to temporarily abate, and render the contemplated breathing spell from his creditors illusory.")"

(*BOLD, Underline, italics added*)

37. Co-defendant *PRAMCO II, L.L.C.* filed a State Court which included a demand for collection of money against Debtors - Plaintiffs. It did so with the intent of enforcing its interest over Debtors - Plaintiffs and to collect from them.

38. *PRAMCO II, L.L.C.*'S actions are a willful violation of the automatic stay.

IV. **STANDARD UNDER FED. R. CIV. P. 56**

39. Bankruptcy *Rule 7056* [2] makes Rule *56 of the Fed. R. Civ. P.* applicable to adversary proceedings. Accordingly, the summary judgment standard utilized in bankruptcy matters mirrors the standard set forth in the Federal Rules of Civil Procedure and as developed by case law. (*see: Glover v. McDonnell (In re: McDonnell), 2007 Bankr. LEXIS 409, Feruary 2nd, 2007* )

*40.* Summary judgment is warranted were, after adequate time for discovery and upon motion, a party establishes the elements essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In addition, the moving party must "*show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*" (*See: Fed. R. Civ. P. 56 (C)*)

41. For there to be a "genuine" issue, facts which are supported by substantial evidence **must** be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.

---

[2] (*USCS Bankruptcy R 7056*)

S. 904 (1976). When considering a petition for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Poller v. Columbia Broadcasting Systems. Inc.,368 U. S. 464, 473 (1962): Daury v. Smith*, 842 F.2d 9, 11 (1st Cir. 1988).

42. Once the moving party has met its burden, the burden switches to the nonmoving party who must show that a genuine issue of material fact exists requiring deference to the fact finder. The nonmoving party **may not** merely demonstrate the existence of some factual dispute to defeat a motion for summary judgment. See: *Kennedy v. Josephtal & Co., Inc.*, 814 F.2d 798, 804 (1st Cir. 1987). See also: *Kauffman v. Puerto Rico Telephone Co.*, 841 F.2d 1169, 1172 (1st Cir. 1988); *Hahn*, 523 F.2d at 464. To meet its burden, the nonmoving party is required to present evidentiary support for every essential element of its case and upon which it bears the burden of proof at trial. Celotex, 477 U.S. at 322-23; J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3rd Cir. 1990). The failure of the nonmoving party to present proof for each element of its case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 323. In other words, there is no issue for trial **unless** there is sufficient evidence presented by the nonmoving party which could support a verdict in its favor. *Anderson*, 477 U.S. 249.

43. The respondent may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could reasonably support a verdict for the nonmoving party. (See: *Over the Road Drivers, Inc. v. Transport Insurance Co.,* 637 F.2d 816, 818 (1st Cir. 1980)). Although it is not the function of the trial judge to

15

weigh the evidence or determine its credibility, where the evidence is merely colorable or not sufficiently probative, summary judgment may be granted. *Anderson*, 477 U.S. 249.

44. "Once the movant presents sufficient competent evidence to entitle it to summary judgment as a matter of law, the non movant cannot rest merely on the averments and denials in its pleadings, but must set forth specific facts demonstrating a genuine issue for **trial.** *See:* Fed. R. Bankr. P. 7056; Fed.R.Civ.P. 55(c), (e); *Germain v. RFE Inv. Partners IV (In re: Wescorp, Inc.),* 148 B.R. 161, 162-63 (Bankr.D.Conn.1992); *see also Marshack v. Sauer (In re Palmer),* 140 B.R. 765, 768 (Bankr.C.D.CaI.1992). As to any essential factual element of its claim on which the non movant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trial worthy issue warrants summary judgment for the moving party. *See: Christians v. Crystal Evang. Free Church (In re: Young),* 148 B.R. 886, 889 (Bankr.D.Minn.1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, *322, 106* S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986))". *Ralar Distribs. v. Rubbermaid (In re: Ralar Distribs.)*, 4 F.3d 62; 1993.

45. As to any essential factual element of its claim on which non movant would bear burden of proof at trial, its failure to come forward with sufficient evidence to generate trial-worthy issue warrants summary judgment for moving party. (*See: Fed.Rules, Bankr.Proc.Rule 7056; Fed,Rules Civ. Proc. Rule 56(c),(e); 11 U.S.C.A. §§ 541,547(b, e)*; In re: Ralar Distributors, Inc., et al., Supra.)

46. According to *Fed. R. Civ. P. 56,* a summary judgment motion should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the nonmoving party is entitled to judgment as a matter of law. See: *NASCO, Inc. v. Public Storage, Inc., 29* F.3d 28, 32 (1st Cir.1994). *This* standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment: the requirement is that there is no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc., 477* U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). For a dispute to be "genuine", there must be sufficient evidence to permit a reasonable tier of fact to resolve the issue in favor of the nonmoving party. See: *U.S. v. One Parcel of Real Property, 960* F.2d 200, 204 (1st Cir.1992). *See also, Boston Athletic Assn v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989). By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. (See: *Morris v. Government Development Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994); *Santana Olmo v. Quinones Rivera (In re Quinones Rivera),* 184 B.R. 178 (1995) .

## V. **CONCLUSION**

47. The automatic stay in Debtor-plaintiff's bankruptcy case number **2005-5091** (ESL) was in effect and it has not been modified. The case is still active.

48. Co-defendant *PRAMCO II, L.L.C.* had actual knowledge of the bankruptcy proceedings.

49. Co-defendant *PRAMCO II, L.L.C.*'S request for collection of monies filed in state court is an act prohibited by the Bankruptcy Code, and as such constitutes a violation of the stay, the discharge injunction and the Honorable Court order.

50. Co-defendant *PRAMCO II, L.LC.*'S suit for collection of monies was not

17

stayed until defendants obtained default judgment; only then, the stayed by filing a motion to stay the proceedings.

51. Co-defendant *PRAMCO II, L.L.C.*'S conduct mandates the imposition of actual and punitive damages.

52. The allegations and defenses made by Co-defendant *PRAMCO II, L.L.C.* in its Answer to Complaint do not controvert the allegations made by Debtors - Plaintiffs, *PRAMCO II, L.L.C.* had knowledge of the automatic stay, that the acts it committed were in violation of the a violation of the stay, this Honorable Court's orders and the intention to commit such actions was present. Thus, all of the elements for the establishment of violations were are present and are not in controversy.

53. Debtors – Plaintiffs respectfully submit that there is no genuine controversy as to the material facts presented with this motion, therefore being entitled to partial judgment as a matter of law, finding *PRAMCO II, L.L.C.* willfully and intentionally violated the automatic stay and the Honorable Court's orders.

## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully requested from this Honorable Court, that:

1) It enter partial summary judgment finding that co-defendant *PRAMCO II, L.L.C.* is liable for the violation of the automatic stay pursuant to section 362 of the Bankruptcy Code;

2) Grant Debtors - Plaintiffs actual and punitive damages as alleged in the

complaint;

3) Grant costs and attorney's fees for temerity;

4) Order *PRAMCO II, L.L.C.* to Cease and Desist from perpetrating said violations;

5) Hold *PRAMCO II, L.L.C.* in contempt of Court;

6) To grant any further relief that Debtors – Plaintiffs are entitled to as alleged the complaint.

**RESPECTFULLY SUBMITTED**, In San Juan, Puerto Rico on March 14th, 2007.

**TAKE NOTICE** that unless a the part in interest files an objection within twenty (20) days in writing, the present motion shall be granted without the need of further notice or hearing.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** That on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the participants appearing in said record.

**I HEREBY FURTHER CERTIFY:** That on this date I sent by first class mail copy of the motion to co-defendant's attorneys, O'neill & Gilmore, P.S.C. at: **Citibank Towers, Suite 1701, 252 Ponce De Leon Avenue, San Juan, Puerto Rico, 00918.**

/s/ *MARILYN VALDES ORTIGA, ESQ.*
*M*ARILYN VALDES ORTIGA, ESQ.
USDC-PR: 214711

P. O. BOX 195596
SAN JUAN, PR 00919-5596
TEL. (787) 758-4400
E-Mail: **valdeslaw@prtc.net**